Pamela L. McKINNEY (a/k/a Pamela L. Bradley), Plaintiff,

v.

The STATE OF ILLINOIS (Illinois Department of Employment Security), et al., Defendants.

No. 88 C 8227.

United States District Court, N.D. Illinois, E.D.

Sept. 25, 1989.

Donald E. Whitney, Chicago, Ill., for plaintiff.

Norman B. Berger, Michael V. Casey, and Kevin M. Robinson, Holleb & Coff, Chicago, Ill., for defendant, Robert D. Plowright.

Edward J. King, Chicago, Ill., for defendant, Edward W. Williams.

Jerome J. Webb, Koutsky, Boudreau, Lassen & Mason, Chicago, Ill., for the remaining defendants.

ORDER

BUA, District Judge.

The eighteen-count amended complaint which plaintiff has filed in this action raises

a host of claims against defendants, including claims for civil rights violations, constitutional violations, tortious conduct, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. In response to plaintiff's RICO claims, set forth in Counts Sixteen through Eighteen of the complaint, defendant Robert D. Plowright has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plowright also moves to dismiss plaintiff's claim for injunctive relief against him. The remaining defendants, who are not named in Counts Sixteen and Seventeen, have joined in Plowright's motion to dismiss the RICO conspiracy claim set forth in Count Eighteen. For the reasons stated herein, the court grants defendants' motion to dismiss.

## FACTS

Plaintiff's amended complaint contains a sixty-three-page litany of allegations against defendants that describes in painstaking detail the sexual harassment and other misconduct which defendants allegedly committed. In considering defendants' motion to dismiss, this court is bound to accept all of those factual allegations as true. *See Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039–40 (7th Cir.1987). Nevertheless, a brief summary of plaintiff's allegations is all that is required to address defendants' motion.

Beginning in October 1978 and continuing until sometime in April or May of 1988, plaintiff Pamela L. McKinney, a/k/a Pamela Bradley, was employed by defendant the Illinois Department of Employment Security ("I.D.E.S."). The I.D.E.S. is a state agency which provides free employment services to citizens of the State of Illinois. In January 1985, McKinney was assigned the job of administrative assistant to Plowright, the Manager of Field Services at I.D.E.S. McKinney alleges that beginning in March 1985, Plowright began making unauthorized and unwarranted sexual advances upon her. McKinney claims that from March to May of 1985, Plowright's sexual harassment consisted of attempts to touch her body in a sensual and amatory

fashion. In June 1985, McKinney was reassigned, and she did not work under Plowright's supervision for nearly two years. During that time, McKinney claims, Plowright's sexual harassment primarily consisted of leers, lewd comments, and lascivious gestures.

In May of 1987, McKinney was again assigned to work under Plowright's direction. McKinney alleges that upon her reassignment to Plowright, Plowright increased the frequency and severity of his sexual harassment. She further alleges that although she tried to avoid and reject his sexual advances, they escalated to the point where he began propositioning her, exposing himself to her, and forcing her into sexual contact with him. McKinney claims she later learned that Plowright had harassed other female employes at I.D.E.S. in a similar fashion.

McKinney alleges that in late November and early December of 1987, she finally reported Plowright's harassment of her to three separate I.D.E.S. officials—defendant Morton Friedman, Deputy Director of I.D.E.S., and defendants Daniel Flanagan and Mary Kennedy, attorneys for I.D.E.S. McKinney also claims that defendant Juliette Hurtz, a manager at I.D.E.S., became aware of her charges of sexual harassment by Plowright. McKinney complains that none of these I.D.E.S. officials took any action to protect her from Plowright, and that as a result, Plowright continued to harass her. In January 1988, he allegedly offered her higher employee performance ratings in exchange for sexual favors.

McKinney asserts that in order to avoid Plowright's continued sexual harassment, she ceased going to work at I.D.E.S. on February 23, 1988. On March 14, 1988, she filed a sexual harassment charge with the Illinois Department of Human Rights ("I.D.H.R."). Due to accumulated sick leave and employee benefit time, McKinney remained on the I.D.E.S. payroll until April 25, 1988. She claims she resigned on that date. However, on May 6, 1988, she received a notice from I.D.E.S. informing her that she was the subject of an employee

discharge action for fraudulently receiving unauthorized overtime payments during the course of her employment. McKinney alleges that the I.D.E.S. fabricated the unauthorized overtime charge against her. She claims that to substantiate the false claim against her, Plowright destroyed and falsified certain personnel records and denied authorizing her overtime. In addition, she alleges that all of the remaining defendants—Friedman, Hurtz, Kennedy, Flanagan, Sally Jackson, Larry Kite, Miles Paris, Robert Baldridge, Frank Sellers, Joan Leet, Edward Williams, Gail Bradshaw, and Mary Ann Coope-O'Brien—conspired to perpetuate and cover up the false unauthorized overtime charge against her. McKinney claims that these defendants also conspired to impede the I.D.H.S.'s investigation into her sexual harassment charges.

## DISCUSSION

### I. *McKinney's RICO Claims*

Based on her factual allegations, McKinney asserts three separate RICO claims. In Counts Sixteen and Seventeen, she alleges that Plowright violated sections 1962(c) and (b) of RICO. In Count Eighteen, she alleges that all the defendants violated section 1962(d) of RICO. A prerequisite to McKinney's recovery under any of these provisions is that defendants engaged in some form of "racketeering activity." *See* 18 U.S.C. § 1962. According to RICO's "Definitions" section, only those acts which are chargeable under the particular state and federal criminal laws listed in § 1961(1) of RICO constitute "racketeering activity" for purposes of RICO. 18 U.S.C. § 1961(1). Therefore, McKinney's complaint fails to state a RICO claim unless it contains allegations that defendants committed at least one of the criminal acts enumerated in § 1961(1) of RICO.

■ McKinney alleges that defendants committed a plethora of criminal acts. Specifically, she claims that either Plowright or the other defendants committed the state law crimes of public indecency, assault, aggravated assault, battery, aggravated battery, intimidation, ethnic intimidation, criminal sexual abuse, aggravated criminal sexual abuse, official misconduct, and compelling confession or information by force or threat. She further claims that defendants committed the federal crimes proscribed in 18 U.S.C. sections 3, 4, 245, 246, and 371. None of these crimes, however, are listed as racketeering acts under § 1961(1) of RICO. Therefore, McKinney's allegations that defendants committed these crimes do not constitute a proper basis for her RICO claims.

■ However, McKinney does allege that defendants committed other federal crimes which are set forth in RICO's definition of racketeering activity. Specifically, McKinney claims that defendants tampered with and retaliated against a witness, victim, or informant in violation of 18 U.S.C. sections 1512 and 1513; interfered with interstate commerce by threats of violence in violation of 18 U.S.C. section 1951; and traveled in interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. section 1952. Nevertheless, McKinney's factual allegations fail to support her contention that defendant committed any of these offenses. Violations of 18 U.S.C. sections 1512 and 1513 require tampering with or retaliating against a witness, victim, or informant in an *official* proceeding. According to 18 U.S.C. section 1515,

> As used in sections 1512 and 1513 of this title in this section—
>
> (1) the term "official proceeding" means—
>
> (A) a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a Federal grand jury;
>
> (B) a proceeding before the Congress; or
>
> (C) a proceeding before a Federal Government agency which is authorized by law . . .

The only proceeding McKinney refers to in her complaint is the investigation by the I.D.H.R., a state agency. Under section 1515, that I.D.H.R. proceeding is not the type of official federal proceeding within the scope of sections 1512 and 1513. *See Park South Associates v. Fischbein*, 626

F.Supp. 1108, 1113 (S.D.N.Y.) (rejecting application of section 1512 to state court or state agency proceedings), *aff'd,* 800 F.2d 1128 (2d Cir.1986). Therefore, McKinney's contention that defendants violated these sections is unsupported by her factual allegations.

■ Similarly, the facts in McKinney's complaint do not support her claim that defendants violated 18 U.S.C. sections 1951 and 1952. Violations of those sections require that the alleged criminal activity relates in some way to interstate commerce. In the instant case, McKinney makes virtually no allegations that defendants' alleged criminal activity had any affect on interstate commerce except in the most indirect, insubstantial, and incidental way. Therefore, she has failed to sufficiently allege one of the elements of a violation under sections 1951 and 1952. *See U.S. v. Isaacs,* 493 F.2d 1124, 1146–47 (7th Cir.), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974); *U.S. v. Kaye,* 593 F.Supp. 193, 198 (N.D.Ill.1984).

■ McKinney claims her allegations that defendants committed the state crime of intimidation form a sufficient basis for her RICO claim. In support of this position, she argues that although the state crime of intimidation is not listed as a racketeering act under RICO, the state crime of extortion is listed as a racketeering act, and in Illinois intimidation encompasses extortion. However, even if intimidation encompasses extortion under Illinois law, McKinney has not alleged facts which show that defendants are guilty of the crime of intimidation. Under Illinois law,

> A person commits intimidation when, with intent to cause another to perform or omit the performance of any act, he communicates to another a threat to perform [certain acts] without lawful authority ...

Ill.Rev.Stat. ch. 38, § 12–6. In this case, McKinney has alleged that she was subjected to continual sexual harassment by Plowright and a false discharge and fraudulent cover-up by the other defendants. She fails to allege that the defendants caused her to perform or not to perform any act by threatening her. Therefore, she has failed to set forth sufficient facts indicating that Plowright or the other defendants committed intimidation.

Since McKinney's factual allegations do not support her contention that defendants committed or conspired to commit "racketeering" acts under § 1961(1) of RICO, McKinney has failed to state a RICO claim. Accordingly, Counts Sixteen through Eighteen of her complaint must be dismissed.

## II. *McKinney's Claim for Injunctive Relief Against Plowright*

■ An injunction cannot be issued unless there is some likelihood that the conduct of which plaintiff complains will recur. *Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund,* 673 F.2d 931, 940 (7th Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). In the instant case, the complaint alleges that plaintiff is no longer employed by the I.D.E.S. In addition, there are no allegations that she currently has any contact at all with Plowright. Therefore, nothing in the complaint suggests that Plowright's alleged sexual harassment of McKinney will recur. Accordingly, the court finds no basis for McKinney's claim requesting an injunction against Plowright.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss McKinney's RICO claims. In addition, the court grants Plowright's motion to dismiss McKinney's claim for injunctive relief against him.

IT IS SO ORDERED.